UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Ilectra Scott Cook,

                                  Plaintiff,                        **COMPLAINT**

                    -against-

Bronx Jewish Community Council,                  **JURY TRIAL DEMANDED**

                                Defendants.
------------------------------------------------------------------X

# COMPLAINT FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

## I. JURISDICTION AND VENUE

1. **Federal Question Statute**: 42 U.S.C §2000e – 5(f) et. seq.

2. **Jurisdictional Statute**: 28 U.S.C. §1331 (Federal Question).

3. **Supplemental State Law Statute under** 28 U.S.C. § 1367: New York Labor Law §215.

4. **The basis for venue in the Southern District of New York:** 28 U.S.C. §1391(b)(1) because the Defendants conduct business there and the cause of action arose there.

## II. THE PARTIES

5. Plaintiff Ilectra Scott-Cook ("Scott-Cook") resides at 2034 Gleason Ave Apt 1, Bronx, NY 10472

6. On information and belief, Bronx Jewish Community Council ("Defendant") is a social service organization located at 2930 Wallace Ave, Bronx, NY 10467.

7. During any period of time whatsoever during the six years immediately preceding the filing of this Complaint, ("Defendant") or ("BJCC") had the ability to perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the employment of the Plaintiff, (3) set the Plaintiffs' wage rate, (4) maintain payroll records concerning the Plaintiff, or (5) institute work rules for the Plaintiff.

## III. PLACE OF EMPLOYMENT

8. The address at which Ms. Scott-Cook was employed or sought employment by the defendant is 2930 Wallace Ave, Bronx, NY 10467.

1

### IV.   BACKGROUND FACTS.

9. Defendant employed Ms. Scott-Cook as an eviction prevention specialist.

10. Defendant hired Ms. Scott-Cook on or around the year 1996.

11. Defendant fired Ms. Scott-Cook on or around November 12, 2020.

12. In September 2019, Defendant hired Joshua Stephenson as Executive Director of BJCC.

13. Ms. Scott-Cook's direct supervisor was Brad Silver ("Mr. Silver"). Mr. Silver held the position of executive vice president of the BJCC.

14. Mr. Silver was responsible for handling the grievances and complaints of all employees.

15. Around March 2020, Defendant started giving Ms. Scott Cook extra work she could not handle as she had another organizational program to run alone.

16. In May 2020, at the direction of the executive director, Mr. Silver put Ms. Scott-Cook on a thirty-day probationary period based on allegations that Plaintiff was not performing her job adequately. To remedy the alleged poor performance, Mr. Silver also gave Ms. Scott-Cook a performance improvement plan.

17. After ninety days, Mr. Silver contacted Ms. Scott-Cook by email and extended the probationary period without reviewing the initial performance improvement plan, or even discussing the initial thirty-day probationary period with Plaintiff. Defendant extended Ms. Scott-Cook's probationary period even though she was in compliance with every aspect of the performance improvement plan.

18. Ms. Scott-Cook responded to the email saying that she felt she was being harassed and discriminated against, but the Defendant took no action.

19. Plaintiff felt that the Defendant implemented the performance improvement plane and the probationary period as a result of her being a black female.

20. After Ms. Scott-Cook logged those complaints by email, she intended to complain about Mr. Silvers discriminatory behavior.

21. When Ms. Scott asked the head of human resources how she could submit a complaint, she was advised to send an email with the name of the person who was discriminating against her and the complaint would subsequently be sent to Brad Silver for review. After Plaintiff asked what would happen if the complaint was against the very person responsible for handling complaints in the first place (Brad Silver) the head of human resources laughed at her.

22. Ms. Scott did not submit the complaint. Three days after notifying human resources that Plaintiff intended on filing a complaint, Defendant terminated Ms. Scott-Cook.

**FIRST CAUSE OF ACTION**
**(Retaliation under the New York Labor Law)**
**(N.Y.L.L §215)**

23. Complainant hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

24. Pursuant to the New York Labor Law §215, it is unlawful to take any retaliatory action against an employee who engages in protected activity.

25. Ms. Scott-Cook engaged in protected activity when she tried to file a formal complaint about the ongoing discrimination and harassment to which she was subjected by her supervisor.

26. BJJC failed to follow normal disciplinary protocols and terminated Ms. Scott-Cook without valid reasons shortly after engaging in protected activity. This action was taken in retaliation for her complaining about workplace harassment and discrimination.

27. Ms. Scott-Cook is entitled to receive all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from her date of termination, and reasonable front pay.
.

## SECOND CAUSE OF ACTION
### (Retaliation under the Civil Rights Act of 1964 "Title VII")
### (42 U.S.C. §2000e-3)

28. Complainant hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

29. Pursuant to the Civil Rights Act of 1964 ("Title VII"), it is unlawful to take any retaliatory action against an employee who engages in protected activity.

30. Ms. Scott-Cook engaged in protected activity when she tried to file a formal complaint about the ongoing discrimination and harassment to which she was subjected by her supervisor.

31. BJJC failed to follow normal disciplinary protocols and terminated Ms. Scott-Cook without valid reasons shortly after engaging in protected activity. This termination was taken in retaliation for her complaining about workplace harassment and discrimination.

32. Ms. Scott-Cook is entitled to receive all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from her date of termination, and reasonable front pay.

## THIRD CAUSE OF ACTION
### (Retaliation under the NYSHRL)
### (§296 of NY State Executive Law)

33. Complainant hereby repeats, realleges, and reincorporates each allegation set forth in this Complaint.

34. Pursuant to the New York State Human Rights Law, it is unlawful to retaliate against an

employee for complaining about a hostile work environment.

35. Ms. Scott-Cook engaged in protected activity when she tried to file a formal complaint about the ongoing discrimination and harassment to which she was subjected by her supervisor.

36. BJJC failed to follow normal disciplinary protocols and terminated Ms. Scott-Cook without valid reasons shortly after engaging in protected activity. This action was taken in retaliation for her complaining about workplace harassment and discrimination.

37. Ms. Scott-Cook is entitled to receive all the lost wages, liquidated damages equal to the lost wages, prejudgment interest, attorney fees, expenses starting from her date of termination, and reasonable front pay.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. Directing the Defendant to pay all lost wages, wage supplements, and lost fringe benefits as a result of Defendant's unlawful termination of Plaintiff;

B. Directing Defendant to pay Plaintiff compensatory and punitive damages;

C. Directing Bronx Jewish Community Council to pay prejudgment interest, postjudgment, interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

D. Directing Defendant to pay the reasonable attorney fees and expenses incurred in bring this Action;

E. Any other form of relief deemed just and proper.

Dated: White Plains, New York
September 30, 2022

EL-HAG & ASSOCIATES, P.C

_Jordan El-Hag_
Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com

4